IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-4889 (JLL) |
| STATE OF NEW JERSEY; and STUART RABNER Attorney General, in his official capacity, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, the United States of America, alleges:

1.  The Attorney General of the United States hereby files this action on behalf of the United States of America to enforce the requirements of Section 303(a) of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15483(a), and to enforce the voter registration list maintenance requirements of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6, with respect to the conduct of elections for federal office in the State of New Jersey.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 1973gg-9(a), 15511.

3.  Venue for this action is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 110, 1391(b).

1

## PARTIES

4.  Plaintiff UNITED STATES OF AMERICA seeks declaratory and injunctive relief pursuant to Section 401 of HAVA, 42 U.S.C. § 15511, and Section 11(a) of the NVRA, 42 U.S.C. § 1973gg-9(a); and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, all of which authorize the Attorney General to bring this suit.

5.  Defendant STATE OF NEW JERSEY is a State of the United States of America and is subject to the requirements of HAVA and the NVRA, including specifically those provisions that concern the implementation of a computerized statewide voter registration list, and the conduct of list maintenance in elections for federal office. *See* 42 U.S.C. §§ 15483(a), 1973gg-6(a).

6.  Defendant STUART RABNER is the Attorney General for the State of New Jersey and is responsible for taking official action on behalf of the State to comply with the requirements of HAVA and the NVRA. 42 U.S.C. § 15403(e); 42 U.S.C. § 1973gg-8; NJ STAT. ANN. §§ 19:31-6a, 19:31-31. He is sued in his official capacity.

## SECTION 303(a) OF HAVA

7.  On October 29, 2002, HAVA was signed into law by the President of the United States. 42 U.S.C. §§ 15301-15545. Title III of HAVA (Sections 301 to 303) includes certain "uniform and nondiscriminatory election technology and administration requirements" which apply in elections for federal office. 42 U.S.C. §§ 15481-15483.

8.  New Jersey is covered by, and was required to comply with, the requirements of Section 303(a) of HAVA with respect to elections for federal office, on and after January 1, 2006. 42 U.S.C. §§ 15483(d)(1)(B).

9. Section 303(a) of HAVA, entitled "Computerized Statewide Voter Registration List Requirements," requires that "each State, acting through the chief State election official, shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level." Section 303(a) applies to all States that require voter registration for elections for federal office. 42 U.S.C. §§ 15483(a).

10. The statewide computerized voter registration system must, among other things, satisfy the following requirements:

(a) The list shall serve as the single system for storing and managing the official list of registered voters throughout the State, 42 U.S.C. § 15483(a)(1)(A)(i);

(b) The list must contain the name and registration information of, and must assign a unique identifier to, each legally registered voter in the State, 42 U.S.C. §§ 15483(a)(1)(A)(ii)-(iii);

(c) The list must be coordinated with other agency databases within the State, 42 U.S.C. § 15483(a)(1)(A)(iv); and

(d) The list must serve as the official voter registration list for the conduct of all elections for federal office in the State, 42 U.S.C. § 15483(a)(1)(A)(viii).

11. Section 303(a) of HAVA also requires State election officials to ensure that the computerized list is accurate and current by: (i) ensuring that all registered voters are included in the list; (ii) removing only the names of voters who are not registered to vote or who are otherwise ineligible to vote; (iii) removing duplicate names from the computerized list; and (iv) implementing safeguards to ensure that eligible voters are not removed from the list in error. 42 U.S.C. §§ 15483(a)(2), 15483(a)(4).

12. Section 303(a) further prohibits a State from accepting or processing a registration application that does not include the applicant's driver's license number or, if the applicant does not have a driver's license, the last four numbers of his social security number. If an applicant has not been issued either identification number, the State must assign a unique identifying number for voter registration purposes. 42 U.S.C. § 15483(a)(5).

## SECTION 8 OF THE NVRA

13. On May 20, 1993, the President of the United States signed into law the NVRA, 42 U.S.C. § 1973gg, *et seq.*, and it became effective in the State of New Jersey on January 1, 1995.

14. Section 8 of the NVRA generally sets forth a State's obligation to ensure that eligible voters are not improperly removed, and that voters who become ineligible are removed, from the State's registration list for elections for federal office. 42 U.S.C. § 1973gg-6.

15. Under Section 8(a)(3) of the NVRA, the State may only remove a registrant from the official list of registered voters "(A) at the request of the registrant; (B) as provided by State law, by reason of criminal conviction or mental incapacity; or (C) as provided under paragraph (4)." 42 U.S.C. § 1973gg-6(a)(3).

16. Section 8(a)(4) of the NVRA requires a State to conduct a general program that makes a reasonable effort to remove from the registration list all voters who have become ineligible by reason of death or a change in residence. 42 U.S.C. § 1973gg-6(a)(4).

17. New Jersey Annotated Statute 19:4-1(8) generally disenfranchises a voter "[w]ho is serving a sentence or is on parole or probation as the result of a conviction of any indictable offense under the laws of this or another state or of the United States."

## FIRST CAUSE OF ACTION

18. Plaintiff restates and incorporates herein by reference the allegations contained in Paragraphs 1 through 17 of this Complaint.

19. Pursuant to HAVA and New Jersey law, the New Jersey Attorney General is responsible for coordinating the State's effort to comply with Section 303(a) of HAVA, 42 U.S.C. § 15483(a), which includes the requirement to create a computerized statewide list of registered voters. *See* N.J. ANN. STAT. §§ 19:31-6a, 19:31-31.

20. The State of New Jersey is not in compliance with several provisions of Section 303(a) of HAVA, and was not in compliance by January 1, 2006.

21. Defendants violations of Section 303(a) of HAVA include the following:

(a) Defendants have not completed a computerized statewide voter registration list that serves as the sole system for managing and storing the State's list of registered voters, *see* 42 U.S.C. § 15483(a)(1)(A)(i);

(b) Defendants' current computerized statewide list does not contain the name and registration information for all legally registered voters in the State, *see* 42 U.S.C. § 15483(a)(1)(A)(ii);

(c) Defendants cannot use the current computerized statewide list as the official registration list for the November 2006 general election, which include elections for federal office in the State, *see* 42 U.S.C. § 15483(a)(1)(A)(viii);

(d) Defendants have not performed list maintenance on the statewide computerized registration list by removing duplicate registrations from the list, *see* 42 U.S.C. § 15483(a)(2)(B)(iii); and

(e) Defendants have not required applicants for voter registration to provide a driver's license number (if they have such number) or the last four digits of the applicant's social security number (if the applicant does not have driver's license number) on voter registration applications, *see* 42 U.S.C. § 15483(a)(5)(A)(i).

22. As a result of the failure of Defendants to take the actions set forth in Paragraph 21 above, there is no statewide voter registration list in the State of New Jersey that complies with the requirements of Section 303(a) of HAVA.

23. Unless and until ordered to do so by this Court, Defendants will not come into compliance with Section 303(a) of HAVA.

## SECOND CAUSE OF ACTION

24. Plaintiff restates and incorporates herein by reference the allegations contained in Paragraphs 1 through 23 of this Complaint.

25. Pursuant to the NVRA and New Jersey law, the New Jersey Attorney General is the chief state election official responsible for the conduct of list maintenance. 42 U.S.C. § 1973gg-8; N.J. ANN. STAT. 19:31-6a.

26. Defendants have not complied with the list maintenance requirements of Sections 8(a)(3) and (4) of the NVRA because:

(a) Defendants have not completed a general program to remove deceased registrants from the State's official list of registered voters, *see* 42 U.S.C. § 1973gg-6(a)(4)(A); and

(b) Defendants have not performed or completed a general program that identifies and removes registrants who have had a change of residence, *see* 42 U.S.C. § 1973gg-6(a)(4)(B).

27. As a result of the Defendants' failure set forth in Paragraph 26 above, the State of New Jersey has not complied with the list maintenance requirements of Section 8(a) of the NVRA, 42 U.S.C. § 1973-gg(a).

28. Unless and until ordered to do so by this Court, the Defendants will not take timely actions necessary to ensure that list maintenance requirements are performed as required under Section 8 of the NVRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States of America prays that this Court enter an order:

A. Declaring that Defendants are not in compliance with Section 303(a) of HAVA, 42 U.S.C. § 15483(a), because, among other things, there is no single, official statewide computerized voter registration list, compliant with HAVA, concerning elections for federal office;

B. Declaring that Defendants are not in compliance with Section 8 of the NVRA, 42 U.S.C. § 1973gg-6, because they have failed to comply with the list maintenance requirements set forth in that section;

C. Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from failing or refusing to comply promptly with the requirements of Section 303(a) of HAVA;

D.  Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from failing or refusing to comply promptly with the requirements of Section 8 of the NVRA;

E.  Ordering Defendants, their agents and successors in office and all persons acting in concert with any of them, promptly to develop a plan, within 30 days of this Court's order, to remedy the demonstrated violations of Section 303(a) of HAVA; and

F.  Ordering Defendants, their agents and successors in office and all persons acting in concert with any of them, promptly to develop a plan, within 30 days of this Court's order, to remedy the demonstrated violations of Section 8 of the NVRA.

Plaintiff further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements of this action.

Dated: October 12, 2006

ALBERTO R. GONZALES
Attorney General

By: _____
WAN J. KIM
Assistant Attorney General
Civil Rights Division

_____
CHRISTOPHER CHRISTIE
United States Attorney
District of New Jersey
970 Broad Street, 7th Floor
Newark, NJ 07102

_____
JOHN TANNER
Chief, Voting Section

_____
ROBERT D. POPPER
Special Litigation Counsel
M. ERIC EVERSOLE
VERONICA SEUNGWON JUNG
JAMES "NICK" BOEVING
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: 202-305-0526
Facsimile: 202-307-3961